In Special Term—January 1855.

---

GHOLSON, J. presiding.

---

### R. G. STANNUS AND WIFE *vs.* WALKER & BROTHERS.

In a suit brought by a wife for her separate property, she should sue by her next friend, and not with her husband.

If the husband is made party to the suit at all, it should be as defendant, not as plaintiff.

GHOLSON, J.

This is an action brought in the name of a husband and wife against the defendants, to recover the amount of three promissory notes.

The petition states, that the wife lent and advanced to the defendants, at several periods, certain sums of money, which were the property of the wife derived from her own separate estate, and known to be so by the defendants. That at the time the loans were made, no note was given, but that the defendants subsequently of their motion made and delivered to the husband three notes corresponding in dates and amounts with the times and amounts of the loans, which notes were payable one day after their respective dates, to the order of the husband. That it was the understanding between the parties, husband and wife, and defendants, that the notes, though payable to the order of the husband, did not thereby become his property, but were received and held by him as trustee for the wife.

The petition further states, that the notes after they became due, and not having been endorsed, were stolen from the possession of the husband, and are lost.

The sum of $1995 with interest is claimed to be due upon the lost notes to the wife, for which judgment is asked, and such other relief as may be required.

To this petition there is a demurrer, and several causes have been assigned.

The first is, that the action has been improperly brought in the name of the husband and wife. In support of this ground of demurrer, it is claimed, that the petition does not show any interest in the wife. That upon the facts

stated, it appears that the notes were the property of the husband, or, at any rate, the legal title was so vested in him, that he alone could sue. If it were true that the only claim which could be set up in this case, was upon the notes, that the notes had been taken and received in satisfaction and discharge of the original cause of action, which became wholly merged in the notes, the conclusion in this respect of the counsel for the defendant might be correct.

The debt in this case is stated to have been originally due to the wife as her separate property, and the execution of a note to the husband, if it be considered a satisfaction of that debt, would also amount to a transfer of it to the husband. The petition, however, states that such was not the object, that the beneficial interest was still to be in the wife ; that the husband was to be a mere trustee of the notes for her benefit. I think the petition will well bear this construction, that the notes were executed as evidence of the indebtedness, and were placed in the hands and made payable to the husband for the benefit of the wife.

In this view of the case, I do not see that it follows, that the right to sue on the original consideration has been lost; or that the notes should be deemed to have been received in discharge of the debt. There is certainly no express statement that such was the intention of the parties, and it is not the necessary inference from what is stated. Peter *vs.* Beverly, 10 *Pet.* 532, 567.

It is claimed, however, that the husband was trustee of an express trust, and under Section 27 of the Code, the suit should be in his name. Without stopping to inquire, whether that section of the Code precludes the joining the *cestui que* trust in the action in any case in which it

might be proper to do so, though there be an express
trust, I am not satisfied that the trust in this case was of
that character.   I should rather say, from the statement,
that it falls under the description of an implied trust.
The notes expressed no trust; it must have arisen from
the understanding that as the consideration for which they
were given, belonged to the wife, the title to them was
held for her benefit.   There would be precisely the same
understanding in a case where one man furnished the pur-
chase money for an estate, and the title was taken in the
name of another.   In such case there would be an implied
trust, and it is implied because such is considered to have
been the understanding of the parties.   I do not conceive,
that from the statement in the petition it was the express
understanding of the parties that the husband was to re-
ceive and hold the notes as a trustee for the wife, it neces-
sarily follows that an express trust was created in the
sense those words are used in the Code.   The inference
to my mind rather is, that the notes were placed in his
hands in the nature of evidence, or as a security for the
debt due the wife, and that it was not intended, that the
collection and control of the fund which the notes repre-
sented, were devolved on the husband as a trustee for the
wife.   The conclusion to which I have arrived is, that if
it be otherwise proper that the wife should sue on the
claim, there is nothing in Section 27 of the Code, which
would preclude her from so doing.

The difficulty, in my mind, in respect to the question,
whether there has been a misjoinder of parties, whether
the present suit has been properly brought, is not so much
in respect to the wife being made a party, as to the mode
in which it has been done.   I think, as the case stands

upon the statements in the petition, the action to recover the amount of the notes as the separate property of the wife, should have been brought in the name of the wife by a next friend, and not in the name of husband and wife.

The money loaned to the defendants, was the separate property of the wife. In my opinion, none of the subsequent transactions, as stated in the petition, were intended to divest her of a separate property in the money, or should properly have that effect; and there are statements in the petition, which exclude any such inference. The action, then, is substantially one which concerns the separate property of the wife, and the question arises, how should such an action be brought? Section 28 of the Code provides, that " where a married woman is a party, her husband must be joined with her; except, when the action concerns her separate property, she may sue without her husband, by her next friend." Is it the meaning of this Section, that in *every* case, where the action concerns the separate estate of the wife, it is a matter of choice with her, whether she sue in connection with her husband, or by a next friend? Or, are courts to determine by the propriety of the case and in analogy to the rules established on the subject before the adoption of the Code, whether she should sue with her husband or by a next friend? Are there not cases, in which it may be considered, that though the husband should be a party, it should appear that the wife was not acting under his control? It is certain that the very next Section of the Code looks to cases in which the rights of husband and wife may conflict, and in those cases she is authorized to sue alone, but except in cases of divorce or alimony, by a next friend.

The provision of the Code requiring the husband to ·be joined with the' wife in a suit where she is party, except in cases concerning her separate property, appears to have been intended to leave that class of cases to be decided in respect of the question of parties on such rules as the purposes of justice might· require.   The provision could never have been intended to sanction an action· in the name of husband and wife, where such a mode of bringing the action might destroy the rights of the wife,.or prevent a proper adjudication in respect of the rights of third persons involved in the controversy.

Unless the provision of the Code shall be construed to confer a right of .action in the name of husband and wife, in respect of the separate property of the wife, which did not .exist before the Code, I think the authorities show that the present action is improperly brought in the name of husband and wife.   An action so brought has been considered to be the action of the husband alone, and under his exclusive control ; and it has been said, that if it were dismissed or decided against him on the merits, would not prevent another action for the same object, in the name of the wife, by her next friend.   Davis *vs*. Prout, 7 *Beavan* 288, 29 *Eng. Ch. Rep.;* Wake *vs*. Parker, 2 *Keen* 59.

This point has been recently considered in New York, and the analogous Section of the Code in that .State has been construed in the manner indicated above.

Brownson and wife *vs*. Gifford, 8 *How. Pr. Rep.* 389. In this case all the authorities bearing on the question are considered, and an earlier case, holding that an action concerning the separate property of the wife, might be .brought either in the name of husband and wife, or in the name of the wife, by a next friend, is overruled.

Without adopting all the conclusions stated in the case of Brownson *vs*. Gifford, as to the extent to which the former practice in chancery governs in questions of this kind, I feel that I may very safely hold, that Section 28 of the Code does not authorize an action in the name of husband and wife, in such a case as the present. That in the only view in which an action on the case presented in the petition can be maintained in the name of the wife, she should properly sue by a next friend, and though the husband may be a proper party to the action, he should be a defendant and not a co-plaintiff.

In the view of this case I have taken, the other questions raised on the argument, do not now arise, or need not be decided.

The demurrer will be sustained for the misjoinder, but an amendment may be made by inserting a next friend of the wife, and making the husband a defendant. I may here mention, that according to an authority in New York, the statement as to the debt being the separate property of the wife, may be held defective. But I do not see that such a question arises on demurrer under our Code. If it be amended, however, the important question alluded to in the argument may arise on the record, and be decided in advance of a trial.

MINER & OLIVER attorneys for plaintiffs.

KING, ANDERSON, & SAGE for defendant.